# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51256-4-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JOSHUA WARREN WILLS, | |
| Appellant. | |

GLASGOW, J. — Joshua Warren Wills was arrested, handcuffed, and placed in the back of a patrol car. From the back of the car, Wills made a threat to harm the arresting trooper. Wills appeals his resulting conviction for felony harassment of a criminal justice participant, arguing his conviction is not supported by sufficient evidence. He claims the State failed to prove that he had the present or future ability to carry out his threat because at the time, he was handcuffed and seat belted in the back of the patrol car. He also raises a number of issues in his statement of additional grounds for review. We conclude sufficient evidence supported Wills's conviction and that his statement of additional grounds does not establish any error. Consequently, we affirm.

FACTS

In the middle of the night, Washington State Patrol Trooper Nickolaus Lull noticed a car with its headlights on parked on the shoulder of a state highway. Lull pulled over to see if the driver, who was later identified as Wills, needed help. The car was running and Wills appeared to be asleep in the driver's seat. Lull knocked on the window with his knuckles but Wills did not respond. He then rapped on the window with a metal flashlight and Wills woke up. Wills appeared confused and had bloodshot and watery eyes. Lull asked Wills to roll down his window, which he did. Lull smelled alcohol. Lull asked Wills if he had been drinking and Wills said that he had not.

Lull told Wills to stay in the car and he ran a driver's license check. The check revealed that his license was clear, but that Wills had prior convictions for third degree assault and felony harassment involving threats to kill.

Lull went back to Wills's car and asked him to get out. Wills appeared unsteady on his feet. Lull again asked if he had had anything to drink, and Wills stated he had not. Lull also asked Wills if he would do field sobriety tests, but Wills refused. Lull then placed Wills under arrest and put him in the back of his patrol car.

On the way to jail, Wills became very upset. According to Lull, he started praying to God to hurt Lull and his family. Wills said he was a prophet that Lull did not "'want to f*** with.'" 1 Verbatim Report of Proceedings (VRP) at 86. Wills told him to check his record

2

because "'it's all true.'" 1 VRP at 86. He also told Lull he "'would be punished.'" 1 VRP at 86.[1] He then said: "'Guess what? They're going to release me, and your family, your mother, your father, your wife, your son, your daughter, yourself, you're all going to suffer.'" 1 VRP at 86.

Lull testified that after they arrived at the jail, Wills said he "'was not going to give up easily.'" 1 VRP at 88. He said as soon as Lull opened the car door he was "'going to fight'" him, and then he told Lull that he "'already had a felony conviction for beating up a cop.'" 1 VRP at 88. Lull believed that if Wills had the opportunity to fight him, he would, which made Lull fearful.

Lull requested backup when he arrived at the jail. When Lull opened the door to remove Wills from the back seat, Wills yelled, "'Rah,'" and startled him, but Wills did not otherwise resist removal from the car. 2 VRP at 146. The jail officers walked Wills back for processing, where Wills fought with the jail officers and had to be placed in solitary confinement.

The State charged Wills with driving under the influence and felony harassment of a criminal justice participant for the threat he made to Lull. RCW 9A.46.020.

At trial, Lull testified that, despite Wills being handcuffed, he took Wills's threat to fight seriously, and that Wills's threat caused him fear. Although Wills was handcuffed in the back seat of the patrol car when he made the threat, Lull testified, "You definitely don't just need hands to fight. Being head-butted is extremely painful, and being kicked is extremely painful."

---

[1] Lull testified at trial as to what Wills said to him from the back of the patrol car.

1 VRP at 90-91. When the State asked if Lull could explain what made him feel threatened, Lull testified that Wills "specifically said that he would keep fighting as soon as I opened the door and that he had already had a felony before of beating up a cop." 2 VRP at 177. Lull confirmed that he was aware of the prior felony conviction for a crime against a police officer at the time Wills threatened him. He also testified that he feared Wills could have done something while he processed him, "including [for example] being kicked, head-butted, bit, spit on." 2 VRP at 192.

The defense did not call any witnesses. In closing arguments, the State limited its argument to Wills's threat that he would fight Lull when they reached the jail. The State did not argue that Wills's threats against Lull's family placed Lull in reasonable fear, and the to-convict instruction referenced only a knowing threat "to Nickolaus Lull," not his family. Clerk's Papers at 110; VRP at 290-94.

The jury found Wills guilty of felony harassment of a criminal justice participant, but acquitted him of the driving under the influence charge.

Wills appeals.[2]

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Wills argues that the State presented insufficient evidence to convict him of felony harassment of a criminal justice participant. Specifically, he claims that because he was handcuffed in the back of Lull's patrol car, he did not have the present ability to carry out the

---

[2] Facts relevant to arguments raised in Wills's statement of additional grounds are provided below.

threat. He also claims he did not make any threats to harm anyone in the future. We disagree.

"Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Imokawa*, 4 Wn. App. 2d 545, 560, 422 P.3d 502 (2018), *review granted*, 192 Wn.2d 1016 (2019). We assume the State's evidence is true, draw all reasonable inferences in favor of the State, and interpret any inferences most strongly against the defendant. *Id.* We defer to the trier of fact on issues of credibility of witnesses and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

A person is guilty of harassment by threat of bodily injury if that person (a) without lawful authority, knowingly threatens to "cause bodily injury immediately or in the future to the person threatened or to any other person," and (b) "by words or conduct places the person threatened in reasonable fear that the threat will be carried out." RCW 9A.46.020(1). This offense is elevated to a class C felony if the person "harasses a criminal justice participant who is performing his or her official duties at the time the threat is made." RCW 9A.46.020(2)(b)(iii). A criminal justice participant includes any state or local law enforcement agency employee. RCW 9A.46.020(4)(a).

In addition, "the fear from the threat must be a fear that a reasonable criminal justice participant would have under all the circumstances" and "[t]hreatening words do not constitute harassment if it is apparent to the criminal justice participant that the person does not have the present and future ability to carry out the threat." RCW 9A.46.020(2)(b). Finally, RCW 9A.46.020 prohibits only "true threats." *State v. Boyle*, 183 Wn. App. 1, 7, 335 P.3d 954 (2014).

In *Boyle*, Boyle was handcuffed when he told a police officer that someone would kill the officer and his family. 183 Wn. App. at 5. Boyle argued that the jury should have been instructed that the State had to prove both a present *and* future ability to carry out the threat. *Id*. at 11-12. Division One of our court concluded that statements to a criminal justice participant constitute felony harassment if it is apparent to the participant that the speaker had *either* the present *or* future ability to carry out the threat. *Id*. at 11. The court reasoned that this interpretation was consistent with the definition of "harassment" under RCW 9A.46.020(1), which includes threats to cause bodily injury "immediately or in the future." *Id*. We agree with *Boyle*.

Wills argues that he did not have the present ability to carry out the threat because he was handcuffed in the back seat of the patrol car when he made the statements, and he claims he did not make a future threat of harm against Lull. Wills primarily relies on *Boyle*, 183 Wn. App. at 9-11, to support his argument about his present ability to carry out the threat. He claims that the *Boyle* court implicitly held that the defendant did not have the present ability to harm the officer where he was handcuffed in the back of the patrol car. He also claims this case is unlike *Boyle* because that case involved a future threat of harm, which he claims he did not make.

The record does not support Wills's assertion that he made no threat to harm Lull in the future. Wills told Lull that as soon as he opened the car the door, Wills was going to fight him. Even assuming Wills did not have the present ability to carry out the threat when he was handcuffed in the back of the patrol car, a reasonable jury could have concluded that he did have the future ability to carry out the threat when Lull removed Wills from the car.

Lull testified that he took the threat seriously and the statement placed him in fear. Lull testified: "You definitely don't just need hands to fight. Being head-butted is extremely painful, and being kicked is extremely painful." 1 VRP at 90-91. Lull also worried about being bit or spit on. Lull testified that Wills's prior conviction for felony harassment and his statement that he had previously assaulted a police officer contributed to his concern that Wills intended to, and could, carry out the threat. A rational juror could find this fear to be "a fear that a reasonable criminal justice participant would have under all the circumstances." *See Boyle*, 183 Wn. App. at 9.

Viewing the evidence in the light most favorable to the State, the evidence shows that any rational trier of fact could have found that Wills had the future ability to carry out his threats beyond a reasonable doubt. We conclude that the State presented sufficient evidence to convict Wills of felony harassment of a criminal justice participant.

## II. STATEMENT OF ADDITIONAL GROUNDS

### A.    Judicial Bias

Wills claims that during a pretrial hearing, the superior court exhibited bias against him by coaching Lull through questioning so that the court could influence the case. He also claims the superior court excluded evidence to bolster Lull's credibility in front of the jury. Wills has not met the high standard for establishing judicial bias.

Appellate courts presume that the superior court discharged its duties without bias or prejudice against a party. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). To overcome this presumption, a party must provide "specific facts establishing bias." *Id.*

"Judicial rulings alone almost never constitute a valid showing of bias." *Id.*

Wills did not raise any specific facts establishing that the superior court was biased against him. During testimony for pretrial motions, the superior court asked Lull clarifying questions about when and how he became aware of Wills's prior criminal history. But this was not improper.

And contrary to Wills's assertions, the trial court did not exhibit bias by improperly favoring the State in its evidentiary rulings. To the contrary, the trial court allowed evidence that defense counsel used to call Lull's credibility into question. For example, Lull testified that he incorrectly signed a document and submitted it to the Department of Licensing stating that he gave Wills the applicable breath test warnings when he had not. At trial, defense counsel cross-examined Lull, calling his credibility into question using the incorrectly signed document. Moreover, the trial court granted Wills's motion in limine to exclude audio and video recordings from the trooper's dash camera. Thus, Wills has not established actual bias. *See Davis*, 152 Wn.2d at 692.

B.      Arrest Warrant

Wills claims the State improperly failed to first provide him or his attorney with notice of a hearing that resulted in a warrant for his arrest. We find no error related to this claim.

The State initially charged Wills in district court for DUI. The district court set bail, Wills made bail, and he was released. The State then moved ex-parte to dismiss the charges in district court. The State next filed an information in superior court adding the count of felony harassment of a criminal justice participant. The State also filed a summons setting the

8

arraignment date. But the State failed to provide Wills or his attorney with notice of the arraignment before the arraignment date.

As a result, Wills did not appear for the arraignment. The superior court struck the hearing for lack of service. The State then sought an arrest warrant based on probable cause. The superior court issued the requested warrant, and Wills was arrested.

Wills does not dispute that the superior court issued the arrest warrant based on probable cause. And at defense counsel's request, the superior court reset the trial date for an earlier date that fell within the original speedy trial period, had the time for trial been calculated based on the first arraignment. The statement of additional grounds does not inform us of the nature of any other alleged errors related to these facts, and we decline to further consider this allegation of error. RAP 10.10(c).

C.    Voir Dire

Wills claims that a prospective juror said he knew Lull during voir dire and vouched for Lull's credibility. But Wills could not pinpoint in the record the exchange where the juror vouched for Lull. Wills claims that if we cannot locate a vouching statement, the superior court must have falsified the record. We disagree.

During voir dire, prospective juror 43 advised the court that he was in law enforcement and that he worked in the same precinct as Lull. Wills's counsel asked prospective juror 43 if he thought he could be fair and impartial. The juror stated: "I would lean more towards Trooper Lull, but I would want to look at all of the evidence." VRP (Nov. 7, 2017) at 110. The trial court dismissed the prospective juror for cause.

No. 51256-4-II

There is no evidence in the record that the prospective juror expressly vouched for Lull's credibility or that the superior court falsified the record on review. To the extent that Wills wants us to consider matters outside the record, a personal restraint petition is the appropriate vehicle for bringing those matters before the court. *State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995). Wills's claim on this ground fails.

We affirm Wills's conviction for felony harassment of a criminal justice participant.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.

10